UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS, | 1:14-cv-00408-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Doc. 15.) |
| vs. | |
| A. HEDGPETH, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Clarence L. Hearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 13, 2013 at the U.S. District Court for the Northern District of California. (Doc. 1.) On June 4, 2013, the court dismissed the Complaint with leave to amend. (Doc. 9.) On June 27, 2013, Plaintiff filed the First Amended Complaint. (Doc. 10.) The court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on October 4, 2013, dismissing defendants Terrance, Hedgpeth, Jensen, Medina, Halderman, Noland, and Perez from this action with prejudice, and transferring the case to the Eastern District of California. (Doc. 11.)

On April 3, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 14.)

1  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of
2  California, the undersigned shall conduct any and all proceedings in the case until such time as
3  reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

4       On August 18, 2014, Plaintiff filed a motion for leave to file a Second Amended
5  Complaint.  (Doc. 15.)

## II.  LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  Because Plaintiff has already amended the complaint once, and he does not have Defendants' consent to amend, Plaintiff requires leave of court to file a Second Amended Complaint.

### A.   Plaintiff's Motion

Plaintiff seeks to amend the complaint to add newly discovered facts, to "resume this action against defendants Hedgpeth, warden at Salinas Valley State Prison and Correctional Sergeant Jensen at Salinas Valley State Prison."  (Motion at 1.)  Plaintiff asserts that since these defendants were dismissed from the First Amended Complaint, he has received documentary evidence that Salinas Valley State Prison's R&R had actual possession of Plaintiff's legal property since September 12, 2010.

///

### B. Discussion

As noted above, defendants Hedgpeth and Jensen were dismissed from this action by the Northern District of California, with prejudice, before the case was transferred to this district.

First, because defendants Hedgpeth and Jensen were dismissed *with prejudice* in the Northern District of California, Plaintiff may not add those defendants to this case or proceed with his prior claims against them. Second, venue for Plaintiff's claims arising from events at Salinas Valley State Prison, where defendants Hedgpeth and Jensen are employed, are not proper in this district because Salinas Valley State Prison is located in the Northern District of California, and those claims may not be pursued in this action. For these reasons, it would be futile for Plaintiff to bring these claims again in a Second Amended Complaint.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend, filed on August 18, 2014, is DENIED as futile.

IT IS SO ORDERED.

Dated:   **August 21, 2014**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE