UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS, | 1:14-cv-00408-GSA-PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| vs. | (Doc. 10.) |
| A. HEDGPETH, et al., | |
| Defendants. | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

## I.    BACKGROUND

Clarence L. Hearns ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 13, 2013, at the U. S. District Court for the Northern District of California.  (Doc. 1.)  On June 4, 2013, the court dismissed the Complaint for failure to state a claim, with leave to amend.  (Doc. 9.)  On June 27, 2013, Plaintiff filed the First Amended Complaint.  (Doc. 10.)  On October 4, 2013, the court issued an order dismissing defendants Terrance, Hedgpeth, Jensen, Medina, Halderman, Noland, and Perez from this action with prejudice, and transferring the case to the Eastern District of California.  (Doc. 11.)

On April 3, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 14.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

Plaintiff's First Amended Complaint, filed on June 27, 2013, is now before the court for screening.  (Doc. 10.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently in the custody of the California Department of Corrections and Rehabilitation at the California Substance Abuse Treatment Facility in Corcoran, California. The events at issue in the First Amended Complaint allegedly occurred while Plaintiff was incarcerated at Kern Valley State Prison (KVSP) in Delano, California, and Salinas Valley State Prison (SVSP) in Soledad, California.  As discussed above, on October 4, 2013, the court dismissed defendants Terrance, Hedgpeth, Jensen, Medina, Halderman, Noland, and Perez from this action with prejudice.  (Doc. 11.)  Therefore, Plaintiff now proceeds only against the remaining named defendants, who it appears were all employed at KVSP at the time of the events at issue:  Kelly Harrington (Warden), R. Marta, C. Lawless, J. Amavisca, M.D. Biter, S. Bandt, M. Farley, T. Billings, and B. Reavos (collectively, "Defendants").  Plaintiff's factual allegations regarding these Defendants follow.

On December 30, 2009, Plaintiff was transferred from KVSP to SVSP without his personal or legal materials.  Plaintiff had three boxes of personal property and seven boxes of legal property that should have been transferred to SVSP.  Plaintiff showed defendant R. Marta his active federal habeas case and requested permission to ship all of the boxes.  Defendant Marta refused to allow Plaintiff's property to be transported to SVSP, despite knowing of Plaintiff's court proceedings.  When Plaintiff arrived at SVSP, he was told that none of his property had been shipped with him.  Plaintiff used the administrative appeals system to find out who failed to transport the boxes, and why the boxes were not shipped with him, but was unable to get any information.  Because Plaintiff's boxes were missing, he was unable to use any of his legal material contained in the boxes, and as a result, Plaintiff's federal habeas corpus petition was denied.

On March 1, 2010, defendant C. Lawless sent a letter to Plaintiff, responding to a January 29, 2010 letter Plaintiff sent to defendant KVSP Warden Harrington complaining of misconduct in failing to ensure that Plaintiff's property was transported with him to SVSP. Defendant C. Lawless stated that no misconduct was discovered, and that Plaintiff's property had been shipped out on December 30, 2009.

On March 11, 2010, Plaintiff filed a state habeas corpus petition seeking the return of his property.  On May 12, 2010, the Superior Court ordered Warden Hedgpeth (Warden, SVSP) [not a defendant] and defendant Kelly Harrington (Warden, KVSP) to respond with status of Plaintiff's property at KVSP and whether Plaintiff could present proof of ownership of his property to KVSP.  Defendants R. Marta, C. Lawless, J. Amavisca, M.D. Biter, S. Bandt, M. Farley, T. Billings, and B. Reavos, and non-defendants T. Terrance and Arthur Perez, contributed information and documents for the response to the court's order, as follows:

> Defendant M. Farley took possession of the ten boxes of Plaintiff's personal property on December 30, 2009, then transferred possession to defendant Reavos that same day.  The document offered entitled CDC 143 has these two individuals' names on it; however there are no names or signatures in the space reserved for the receiving institution's personnel to indicate receipt of the property.  Several bills of lading from private carriers were also submitted to the court, representing that the property was given to two separate carriers, Golden State Overnight and Dependable Highway Express, for delivery to SVSP.  All of the contributors jointly represented that Plaintiff had received all of his personal and legal property by the date of their response.

On September 8, 2010, the Superior Court denied the petition, based on the evidence. Plaintiff alleges that he is still missing his seven boxes of legal property and has evidence of an admission under oath by B. Jensen (SVSP) [not a defendant] that Plaintiff only received the three boxes of personal property on September 12, 2010.

Plaintiff requests money damages and declaratory and injunctive relief.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

A.      **Supervisory Liability**

Plaintiff names defendant Warden Harrington, who works in a supervisory position. Plaintiff is advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Defendants are only liable for their own misconduct, and Plaintiff must demonstrate that each Defendant, through his or her own *individual actions*, violated Plaintiff's constitutional rights. Iqbal, at 676-77 (emphasis added). The required causal connection between supervisor conduct and the deprivation of a constitutional right is established either by direct personal participation or by setting in motion a "series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson, 588 F.2d at 743-44. A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to

///

impose liability upon any of the Defendants in their supervisory capacity, Plaintiff fails to state a claim.

B.   **Denial of Access to Courts**

Prisoners have a constitutional right to meaningful access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  Within this right to access the courts is the right for prisoners to prepare legal documents without active interference from prison officials.  Id. at 350; Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("[P]risoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials.")  To claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference.  Lewis, 518 U.S. at 350. In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him.  Id. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.")  In order to meet the requisite actual injury showing, a plaintiff must plead facts alleging "a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353; see also Christopher v. Harbury, 536 U.S. 403, 415 (2002).  "The complaint should 'state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it.'"  Gonzalez v. Diaz, No. 1:10–CV–01287–GBC PC, 2011 WL 2671535 (E.D.Cal. July 6, 2011) (quoting Christopher, 536 U.S. at 417–18).

Plaintiff alleges that he was denied access to the courts when his legal property was not transported with him from KVSP to SVSP, causing him to be unable to use his legal property and resulting in the dismissal of his federal habeas corpus petition.  While it appears that

Plaintiff may have suffered an actual injury as a result of the loss of his property, Plaintiff fails to allege facts demonstrating that any of the Defendants, except Defendant R. Marta, personally acted to interfere with the transport of Plaintiff's property to him.  Plaintiff alleges that he asked defendant R. Marta for permission to ship the boxes of his property, but defendant Marta refused to allow his property to be transferred to SVSP, despite knowing of Plaintiff's pending court proceeding.  With respect to the other individual Defendants, Plaintiff makes these specific allegations as follows:  (1) Plaintiff sent a letter to defendant Warden Harrington complaining of misconduct in failing to ensure that Plaintiff's property was transported with him to SVSP; (2) Defendant Lawless sent a letter to the Warden stating that no misconduct was discovered and that Plaintiff's property was shipped out on December 30, 2009; (3) In Plaintiff's state habeas corpus proceeding, the Superior Court ordered Warden Harrington to respond with status of Plaintiff's property at KVSP; (4) Defendants R. Marta, C. Lawless, J. Amavisca, M.D. Biter, S. Bandt, M. Farley, T. Billings, and B. Reavos contributed information about the transport of Plaintiff's boxes for the response to the court's order, representing that Plaintiff had received his property; and (5) Defendant Farley took possession of Plaintiff's boxes and transferred them to defendant Reavos on December 30, 2009.  None of these allegations demonstrate that any Defendant other than Defendant R. Marta participated in misconduct or interfered with the transport of Plaintiff's property to him.

Further, Plaintiff only makes conclusory allegations that his federal habeas corpus petition was denied as a result of his denial of access to his legal property.  Plaintiff has not alleged facts demonstrating that denial of his property was the cause of the denial of his habeas corpus action.  In addition, Plaintiff has not met the requisite "actual injury" showing by pleading facts alleging he had a nonfrivolous legal claim, stating the underlying claim of his habeas action, and describing any remedy available under the access claim.

Therefore, Plaintiff fails to state a claim for denial of access to the courts against any of the Defendants.

///

///

7

### C.    Loss of Personal Property

To the extent that Plaintiff seeks to bring a claim for loss of personal property, he is unable to do so in this action.  Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).  California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that Defendants improperly handled the transport of Plaintiff's property, which indicates that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law.  Plaintiff fails to show

///

compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

## V.       CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants.  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  Plaintiff shall be granted another opportunity to amend the complaint.  Plaintiff has leave to file a Second Amended Complaint curing the deficiencies found by the court in this order, within thirty days.   Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones, 297 F.3d at 934.  As discussed above, under § 1983 there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal at 676.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).   In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new claims arising after he filed the initial Complaint on July 12, 2013.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.  Plaintiff's First Amended Complaint, filed on June 27, 2013, is dismissed for failure to state a claim, with leave to amend;

2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the court in this order;

4.  Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:14-cv-00408-GSA-PC; and

5.  If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   __**October 1, 2014**__          _____ **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE