# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE L. HEARNS, | Case No. 1:14-cv-00408-BAM-PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |
| v. | |
| A. HEDGPETH, et al., | ORDER THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's October 27, 2014, second amended complaint, filed in response to the October 1, 2014, order dismissing the first amended complaint and granting Plaintiff leave to file a second amended complaint.

///

///

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on April 3, 2014. (ECF No. 14.)

1

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

## COMPLAINT ALLEGATIONS

In the order dismissing the original complaint, the Court noted the following allegations. Plaintiff is currently in the custody of the California Department of Corrections and

1 Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility in Corcoran. The
2 events at issue occurred while Plaintiff was housed at Kern Valley State Prison (KVSP) in
3 Delano, and Salinas Valley State Prison in Soledad (SVSP). On October 4, 2013, an order was
4 entered, dismissing Defendants Terrance, Hedgpeth, Jensen, Medina, Halderman, Noland and
5 Perez from this action with prejudice. (ECF No. 11.) The first amended complaint proceeded
6 against KVSP Defendants Harrington, Lawless, Amavisca, Biter, Bandt, Farley, Billings and
7 Reavos.

8 The first amended complaint alleged that on December 30, 2009, Plaintiff was transferred
9 from KVSP to SVSP without his personal or legal materials. Plaintiff had three boxes of
10 personal property and seven boxes of legal property that should have been transferred to SVSP.
11 Plaintiff showed Defendant Marta his active federal habeas case and requested permission to
12 ship all of the boxes. Defendant Marta refused to allow Plaintiff's property to be transported to
13 SVSP, despite knowing of Plaintiff's court proceedings. When Plaintiff arrived at SVSP, he was
14 told that none of his property had been shipped with him. Plaintiff used the administrative
15 appeals system to find out who failed to transport the boxes, and why the boxes were not shipped
16 with him, but was unable to get any information. Because Plaintiff's boxes were missing, he was
17 unable to use any of his legal material contained in the boxes, and as a result, Plaintiff's federal
18 habeas corpus petition was denied.

19 On March 1, 2010, Defendant C. Lawless sent a letter to Plaintiff, responding to a
20 January 29, 2010, letter Plaintiff sent to Defendant KVSP Warden Harrington complaining of
21 misconduct in failing to ensure that Plaintiff's property was transported with him to SVSP.
22 Defendant Lawless stated that no misconduct was discovered, and that Plaintiff's property had
23 been shipped on December 30, 2009.

24 On March 11, 2010, Plaintiff filed a state habeas corpus petition seeking the return of his
25 property. On May 12, 2010, the Superior Court ordered SVSP Warden Hedgpeth and Defendant
26 KVSP Warden Harrington to respond with the status of Plaintiff's property at KVSP and whether
27 Plaintiff could present proof of ownership of his property to KVSP. Defendants R. Marta, C.
28 Lawless, J. Amavisca, Biter, Bandt, Farley, Billings and Reavos contributed information and

documents for the response to the court's order, as follows:

> Defendant M. Farley took possession of the ten boxes of Plaintiff's personal property on December 30, 2009, then transferred possession to defendant Reavos that same day. The document titled CDC 143 has these two individuals' names on it; however there are no names or signatures in the space reserved for the receiving institution's personnel to indicate receipt of the property. Several bills of lading from private carriers were also submitted to the court, representing that the property was given to two separate carriers, Golden State Overnight and Dependable Highway Express, for delivery to SVSP. All of the contributors jointly represented that Plaintiff had received all of his personal and legal property by the date of their response.

On September 8, 2010, the Superior Court denied the petition, based on the evidence. Plaintiff alleges that he is still missing his seven boxes of legal property and has evidence of an admission under oath by B. Jensen (SVSP) [not a defendant] that Plaintiff only received three boxes of personal property on September 12, 2010.

## III.

## DISCUSSION

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011)(citing Lewis, 518 U.S. at 348)(internal quotation marks omitted); Christopher v.Harbury, 536 U.S. 403, 415(2002).

In the order dismissing the first amended complaint, the Court analyzed Plaintiff's denial of access to courts claim, noting that Plaintiff failed to allege facts demonstrating that any of the Defendants, except Defendant Marta, personally acted to interfere with the transport of Plaintiff's property to him. Plaintiff alleged that he asked Defendant Marta for permission to ship his boxes of property, but Defendant Marta refused to allow Plaintiff's property to be transferred to SVSP, despite know of Plaintiff's court proceeding. With respect to the other individual Defendants, Plaintiff made these specific allegations: (1) Plaintiff sent a letter to

Defendant Warden Harrington complaining of misconduct in failing to ensure that Plaintiff's property was transported with him to SVSP; (2) Defendant Lawless sent a letter to the Warden stating that no misconduct was discovered and that Plaintiff's property was shipped out on December 30, 2009; (3) In Plaintiff's state habeas corpus proceeding, the Superior Court ordered Warden Harrington to respond with the status of Plaintiff's property at KVSP; (4) Defendants R. Mara, C. Lawless, J. Amavisca, M. Biter' S. Bandt, M. Farley, T. Billings and B. Reavos contributed information about the transport of Plaintiff's boxes for the response to the court's order, representing that Plaintiff had received his property; and (5) Defendant Farley took possession of Plaintiff's boxes and transferred them to Defendant Reavos on December 30, 2009. None of these allegations demonstrate that any Defendant other than Defendant R. Marta participated in misconduct or interfered with the transport of Plaintiff's property to him.

The Court further noted that Plaintiff only made conclusory allegations that his federal habeas corpus petition was denied as a result of his lack of access to his legal property. Plaintiff had not alleged facts demonstrating that the denial of his property was the cause of the denial of his habeas corpus action. In addition, Plaintiff had not met the requisite "actual injury" showing by pleading facts alleging that he had a nonfrivolous legal claim, stating the underlying claim of his habeas action, and describing any remedy available under the access to courts claim. The Court held that Plaintiff's first amended complaint failed to state a claim for denial of access to the courts against any of the Defendants.

In his second amended complaint, Plaintiff re-states the allegations of the first amended complaint. Plaintiff does, however, identify his petition for writ of habeas corpus. Plaintiff refers to case number 09-4030. Plaintiff filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Hearns v. Harrington, No. CV-09-4030-FMC (OP) on June 5, 2009, in the U.S. District Court for the Central District of California.[2] Plaintiff filed his petition on June 5, 2009, challenging his underlying criminal conviction. The petition was dismissed pursuant to the findings and recommendations of the magistrate judge. The court noted that Plaintiff was

---

[2] The Court may take judicial notice of court records in another case. Fed. R. Evid. 201; See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)(stating that a court may take judicial notice of court records in another case).

found guilty of his underlying offense after a jury trial on April 9, 1996. Plaintiff appealed his conviction in the state courts, filing a petition for review in the California Supreme Court on August 13, 1997. Over ten years later, Plaintiff filed a petition for writ of mandate in the California Court of Appeal, which was denied on August 5, 2008. On October 14, 2008, Plaintiff filed a habeas corpus petition in the California Supreme Court. The California Supreme Court denied the petition on April 1, 2009.

Regarding the petition that Plaintiff refers to in this lawsuit, the U.S. District Court for the Central District of California held that Plaintiff's petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law, and is therefore subject to AEDPA's one-year statute of limitations period. 28 U.S.C. § 2244(d). The court found that Plaintiff's conviction became final on November 11, 1997, and the limitation period ended November 11, 1998. The court analyzed the statutory tolling provisions, finding that Plaintiff was not entitled to the statutory tolling provisions of AEDPA. The court also found that Plaintiff was not entitled to equitable tolling. Plaintiff's petition was therefore dismissed with prejudice as untimely.

The central claim in this action is that Defendants prevented Plaintiff from receiving his legal property when he transferred from KVSP to SVSP in December of 2009. Because the limitation period for the filing of Plaintiff's petition for writ of habeas corpus ended on November 11, 1998, it is not plausible that Defendants could have engaged in any conduct in 2009 that caused Plaintiff actual injury with respect to his petition for writ of habeas corpus within the meaning of Lewis.

**IV.**

**CONCLUSION AND ORDER**

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's October 27, 2014, second amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's second amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for denial of access to the courts, and further

amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.")    Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim upon which relief could be granted; and

2. This action count as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **February 8, 2016**              /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE